IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 03-10132-JTM
        05-3066-JTM

HUNG T. LE,

        Defendant.

MEMORANDUM AND ORDER

This is an action under 28 U.S.C. § 2255 by which defendant-petitioner Hung Le seeks vacation of his criminal sentence. Defendant argues that he should be re-sentenced in light of the Supreme Court's decision in *United States v. Booker*, 125 U.S. 738 (2005).

Defendant originally pled guilty to Counts I and II of the Indictment on November 19, 2003, and was sentenced on February 2, 2004. The defendant did not file any direct appeal.

The court will deny defendant's motion for relief, since the Supreme Court has expressly limited its ruling in *Booker* to those defendants who were yet to be sentenced or who had "cases on direct review." *Booker*, 125 U.S. at 769. The defendant waived the presentation of any direct appeal, and waived any collateral challenge under the plea agreement, except challenges premised on ineffective assistance of counsel, a claim which was not presented by defendant in his § 2255 petition. While defendant's petition suggests that he may supply further facts to support those claims of error at a later time, the petition itself does not point to any alleged ineffective assistance of

counsel as the basis for his petition. (Dkt. No. 20). Instead, defendant's petition cites three grounds for relief, all involving alleged errors of law as to the application of the Sentencing Guidelines.

The waiver of the right to collaterally attack the conviction was knowing and voluntary. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Paragraph 8 of the Plea Agreement explicitly and clearly identifies the waiver of the right to collaterally attack the conviction. And the court specifically inquired into defendant's knowledge of the contents of the plea agreement, and determined that the plea was both knowing and voluntary. Nor is there any basis under these facts for concluding that enforcement of the plea agreement would constitute a miscarriage of justice. *See Hahn*, 359 F.3d at 1327. The sentence does not rely on any impermissible factor, the sentence did not exceed the statutory maximum, the sentence is not otherwise unlawful, and the sentence was imposed following the effective, capable, and professional assistance of counsel.

IT IS ACCORDINGLY ORDERED this 30th day of August, 2005, that the defendant-petitioner's Motion to Vacate (Dkt. No. 20) is hereby denied.

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE